## UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF VIRGINIA
#### Norfolk Division

**BRANDON M. JENNINGS,**
**#65213-056/#9965858,**

       **Petitioner,**

v.                                     **ACTION NO. 2:20cv90**

**U.S. OF AMERICA, et al.**

       **Respondents.**

### MAGISTRATE JUDDGE'S REPORT AND RECOMMENDATION

    This federal habeas petition challenges an allegedly unlawful delay between petitioner's conviction and sentence in the United States District Court for the Eastern District of North Carolina. Because the petitioner's recent sentencing in that court unambiguously leaves this court without jurisdiction to grant the relief requested, I recommend the court dismiss the petition without prejudice and dismiss Jennings' ancillary claims for lack of jurisdiction.

### A.    Factual and Procedural History

    Petitioner Brandon M. Jennings, a federal inmate, was convicted on June 13, 2019 after a four-day jury trial of thirteen counts related to sex trafficking and child exploitation in the United States District Court, Eastern District of North Carolina. Petition 6 (ECF No. 1). He filed a petition for a writ of habeas corpus in this district using a form for relief under 28 U.S.C. § 2241. His pro se petition asserted that his sentencing on the convictions was being improperly delayed, and that as a result the trial court had been "divested of jurisdiction to sentence" him. Id.

While awaiting sentencing, Jennings was in custody at a local jail in Farmville, Virginia, in the Eastern District of Virginia.  As a result, he originally filed the present petition under 28 U.S.C. § 2241 in this District as the court in which personal jurisdiction over the respondent could be obtained.

The Government moved to dismiss Jennings' petition on July 6, 2020, arguing that although his sentencing had been repeatedly delayed, Jennings' petition was premature because he would have an opportunity to contest any legal or constitutional defects in his sentence through a petition under 28 U.S.C. § 2255.  Accordingly, the motion argued this court lacked jurisdiction to entertain his claims under § 2241.  Respt's Mem. Supp. Mot. to Dismiss 6-7 (ECF No. 23) ("Respt's Mem.").  The motion notified Jennings of his right to respond and the timeline for doing so as required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K) (ECF No. 22).

Jennings did not directly respond to the Government's arguments, instead filing a "Motion for Preliminary Injunction and Restraining Order" (ECF No. 24), "Motion for Supplemental Pleading" (ECF No. 26), "Civil Contempt in Support of Preliminary Injunction" (ECF No. 28), and "Motion for Recusal" (ECF No. 29).  These filings do not respond to the core allegation underlying the Government's motion – the absence of jurisdiction under § 2241 to entertain Jennings' claims in this court.

After the Government's brief was submitted, Defendant was sentenced by the Eastern District of North Carolina to serve five concurrent life terms in prison and lengthy concurrent terms of incarceration on eight other counts of conviction.  Judgment was entered August 28, 2020. United States v. Jennings, No. 5:18cr318, Judgment Order (August 28, 2020).  Although Jennings

did not advise this court of any transfer, he was apparently thereafter transferred to a federal facility in West Virginia to begin serving his sentence.[1]

**B.**   <u>Analysis</u>

Federal prisoners must ordinarily challenge their convictions and sentence by motion under 28 U.S.C. § 2255, "which channels collateral attacks by federal prisoners to the sentencing court (rather than to the court in the district of confinement) so that they can be addressed more efficiently." In re Jones, 226 F.3d 328, 332 (4th Cir. 2000) (quoting Triestman v. United States, 124 F.3d 361, 373 (2d Cir. 1997)); Fontanez v. O'Brien, 807 F.3d 84, 86 (4th Cir. 2015) ("[A] federal prisoner must challenge the execution of a sentence under 28 U.S.C. § 2241, and the sentence itself under 28 U.S.C. § 2255." Section 2255(e) provides:

> An application for a writ of habeas corpus [(§ 2241 petition)] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

While petitions under § 2241 may be used to challenge the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), challenges to the validity of a federal sentence must ordinarily be brought under § 2255 unless that remedy proves inadequate or ineffective, In re Jones, 226 F.3d at 332.

In his Petition under § 2241, Jennings pled that he filed his petition under § 2241 because he had not been sentenced and, thus, could not file a petition under § 2255. It is doubtful this court would have jurisdiction to entertain his claims prior to sentencing.  Although the Fourth Circuit

---

[1] Although Jennings has not notified the court of any relocation or change of address, at the time of the filing of this Report and Recommendation the online Federal Inmate Locator reveals Jennings has been transferred to FCI McDowell in West Virginia.  Accordingly, the Clerk is DIRECTED to mail a copy of this Report and Recommendation to Jennings at both Piedmont Regional Jail and FCI McDowell.

3

has not yet squarely addressed the issue, other courts have held that a delay in sentencing is insufficient to invoke jurisdiction under § 2241.  United States v. Arakelian, No. 05cv6370, 2005 WL 2206892, at *1 (citing United States v. Pirro, 104 F.3d 297, 299 (allowing pre-sentencing claims under § 2241 of matters otherwise justiciable under § 2255 would "eviscerate" goal of judicial economy)).  But since Jennings has now been sentenced, any doubt about the question is removed.  See O'Brien, 807 F.3d at 86.  Jennings can no longer establish that a motion under § 2255 would be inadequate or ineffective to test the legality of his detention, as he has not yet filed for relief under that section in the sentencing court.  Accordingly, this court lacks jurisdiction to entertain his claims under § 2241.  See United States v. Wheeler, 886 F.3d 415, 423 (4th Cir. 2018) (holding that the savings clause of 28 U.S.C. § 2255(e) is jurisdictional), cert. denied, 139 S. Ct. 1318 (2019).

## C.   **Recommendation**

For the foregoing reasons, the undersigned recommends that the court GRANT Respondent's Motion to Dismiss (ECF No. 22) and DISMISS Jennings's § 2241 petition in this court without prejudice for lack of jurisdiction.  Because jurisdiction over his underlying petition is lacking and because Jennings has been transferred to a facility outside of this district, the court should likewise DISMISS Jennings' various requests for ancillary relief, including his two Motions for Bail (ECF Nos. 16 and 18), three Motions for Preliminary Injunction (ECF Nos. 19, 20, 24), and Motion for Supplemental Pleading (ECF No. 26).  To the extent any of these interim motions sought relief unavailable in habeas, Jennings may refile them under the appropriate statutes in the appropriate form and jurisdiction.

4

**D.**    **Review Procedure**

By copy of this report and recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.    Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the date this report is forwarded to the objecting party by Notice of Electronic Filing or mail, see 28 U.S.C. § 636(b)(1), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. Rule 6(d) of the Federal Rules of Civil Procedure permits an extra three (3) days, if service occurs by mail. A party may respond to any other party's objections within fourteen (14) days after being served with a copy thereof. See Fed. R. Civ. P. 72(b)(2) (also computed pursuant to Rule 6(a) and (d) of the Federal Rules of Civil Procedure).

2.    A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in a waiver of appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is DIRECTED to mail a copy of this Report and Recommendation to the Petitioner at the address on file with the court and to provide an electronic copy to counsel for Respondent.

/s/
Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
September 22, 2020

5

## Clerk's Mailing Certificate

A copy of the foregoing was mailed this date to:

**Brandon M. Jennings**
#65213-056
FCI McDowell
Federal Correctional Institution
P.O. Box 1009
Welch, WV 24801

**Brandon M. Jennings**
#9965858
Piedmont Regional Jail
P.O. Box 388
Farmville, VA 23901

And an electronic copy was provided to:

**Melissa E O'Boyle**
United States Attorney Office - Norfolk
101 W Main Street
Suite 8000
Norfolk, VA 23510

Fernando Galindo, Clerk

By_____/s/ J. L. Meyers_____
Deputy Clerk

_____September 22_____, 2020